UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONNEL ANDRES
    OVALLES GUERRA          )
           Petitioner         )
                       )  **CIVIL ACTION FILE NO.**
    v.                      )
                       )
LIVIER ALFONZO APARCEDO  )
           Respondent One  )
                       )
    v.                      )
                       )
LIVIER APARCEDO         )
           Respondent Two  )
                       )
    v.                      )
                       )
JOSE ALFONZO           )
           Respondent Three  )

VERIFIED COMPLAINT AND
PETITION FOR RETURN OF A CHILD
PURSUANT TO THE HAGUE CONVENTION ON THE CIVIL ASPECTS
OF INTERNATIONAL CHILD ABDUCTION AND
THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT, CODIFIED
AT 22 U.S.C. § 9001 *et seq.*

Petitioner, RONNEL OVALLES GUERRA, respectfully shows this

Court as follows:

## I.  INTRODUCTION

1.    This action is brought by RONNEL OVALLES GUERRA

("Petitioner") a resident of Panama, and biological Father of his minor child

1

to secure  the return of his daughter (A██████ O██████ A██████),

("Child") herein after listed as "A.O.A.", born in 2014, from the United States

to Panama, under The Hague Convention on the Civil Aspects of

International Child Abduction (hereinafter referred to as the "Hague

Convention"), and  who was wrongfully removed from Panama, and

brought to the United States by the Child's mother, LIVIER ALFONZO

APARCEDO, ("Respondent One"), (hereinafter referred to as "Mother")

without Father's knowledge or consent for the minor child to remain in the

United States.  While Father agreed to a visit to the United States to spend

time with family, Father never consented for the child to be wrongfully

retained in the United States.  Further, because Father believed that the

child was only visiting the United States, but shortly after arrival Mother

sought the child's change of status, which provides substantial evidence

that Mother's motive involved wrongfully removing the child from Panama

and then wrongfully retaining the child in the United States.

2.      This Petition is filed pursuant to the Hague Convention on the

Civil Aspects of International Child Abduction (the "Hague Convention" or

the "Convention")[1] and the International Child Abduction Remedies Act

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).

("ICARA").[2] A copy of the Hague Convention is attached hereto as Exhibit "A." and a copy of ICARA is attached herein as Exhibit "B." The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, and among other Contracting States, the between the United States of America and Panama on June 1, 1994.

3.    The objects of the Hague Convention are:

*Article 1(a):  To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and*

*Article 1(b):  To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States (Id).*

4.    The Hague Convention and ICARA authorize a federal district court to determine the merits of a claim for the wrongful removal and/or wrongful retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

5.    Father's filing of this Hague Convention petition is filed because the child's former Temporary Protected Status was rescinded by the United States government on November 7, 2025.

---

[2] 22 U.S.C. §§ 9001-9011 (previously codified at 42 U.S.C. §§ 11601 *et seq.)*

3

6. Petitioner filed his Hague Convention application with the Ministry of Foreign Affairs, the Central Authority for Panama on June 3, 2026, and which the Central Authority thereafter will forward to the United States Department of State, the United States Central Authority. A copy of said Application is attached as Exhibit "C," in English. An amicable return was requested but not resolved, and therefore the Petitioner herein seeks the Court's intervention to return the minor Child to Panama under the Hague Convention.

7. The minor child was born in Panama. A copy of the Birth Certificate listing both parents is attached as Exhibit "D,"

8. It is averred that Mother's illegal travel with the minor child into the United States is so egregious that it placed the Child in imminent risk of harm, and continues to subject the child to physical and psychological harm, and detention under the immigration laws of the United States, and potentially undetected secreted flight upon learning of this case being filed in the federal district court.

9. Mother's conduct has placed the child in an irregular and undocumented immigration status, and the minor child is subject to immediate deportation, which an unplanned designation, which would leave the child's fate in the hands of unknown authorities.

4

10.    Father did not agree to Mother remaining with the child in the United States as the travel was ostensibly predicated on a temporary "visit" with family members, and the child entered the United States as a visitor. Upon the child's arrival in the United States. A copy of the minor child's Venezuelan Passport is attached herein as Exhibit „E," followed by a copy of her Panamanian Identification Card as Exhibit „F."

11.    it is averred that Mother sought and received the assistance of her mother and father, the child's maternal grandparents, Respondent Two, and Respondent Three, who have provided accommodations and financial support for the Mother and the minor Child in their home at 300 North 11th Street, Easton, Pennsylvania 18042, within the District Court for the Eastern District of Pennsylvania..

12.    Thereafter, it is averred that Mother, Respondent One, admitted to Petitioner that she applied for the child to receive Temporary Protected Status (TPS) in the United States, which was granted on a temporary basis.

13.    However, effective on November 7, 2025, the minor child's Temporary Protected Status was terminated, and therefore the child is in the United States as an illegal alien.  A copy of the TPS termination is attached herein as Exhibit „G".

14. Father's telephone and video contact with the minor child has been sporadic and unpredictable, and only at the conventience of Respondent One, Respondent Two and Respondent Three.

15. As a result of the termination of the minor child's TPS, Father has requested that the child be voluntarily returned to Panama, but Mother has refused.

16. It is averred, upon information and belief, that Respondent One, Respondent Two, and Respondent Three are all supporting the minor child's illegal stay in the United States, as the minor child and Respondent One stay with Respondent Two and Respondent Three.

17. It is also averred on information and belief that Respondent One, Respondent Two, and Respondent Three are all in the United States illegally, and have no reliable source of financial support and stability for the minor child.

## II. JURISDICTION AND VENUE

18. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003 (Jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

19. Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Child is currently staying

6

with Respondent One, Respondent Two, and Respondent Three, at 300 N. 11th Street, Easton, PA 18042, within the Federal District Court for the Eastern District of Pennsylvania.

20.    Petitioner has verified that the Respondents and Child are staying at the aforementioned address in Easton Pennsylvania, and Respondent One has admitted this is the address that she uses.

## III. STATEMENT OF FACTS

21.    Petitioner and Respondent One are the parents of the Child who is habitually resident in Panama (hereinafter referred to as "Child."), as defined by The Hague Convention.

22.    Petitioner resides at Edificio Cancun, Piso 5 Apt. 5C, Bella Vista Obarrio, Ciudad de Panama, Postal Code 7096, who was exercising his rights of custody of the minor child at the time of her wrongful removal from Panama and her wrongful retention in the United States.

23.    Respondent One, Mother, resides at 300 N. 11th Street, Easton Pennsylvania, and Respondent Two and Respondent Three also reside at 300 N. 11th Street, Easton, Pennsylvania.

7

24.    Respondent One is a citizen of Venezuela, but resided in Panama immediately prior to the child's wrongful removal and wrongful retention in the United States.

25.    On July 2, 2021, the First Sectional, Family Court of the First Judicial Circuit of Panama entered a judgment, granting the parties rights of custody over the minor child.  A copy of said Judgment in Spanish, and the translation to English is attached herein as Exhibit "H" and as further addressed in 2024.

26.    The parties resolved their custodial differences with an agreement thereafter wherein they enjoyed periods of custody with the child under the auspices of the *Juzgado Primero Sectional de Familia del Pruimer Circuito Judicial de Panama* on December 12, 2024.

27.    Both parents remain involved in the Child's life in Panama, and reached their custodial agreement before the appropriate tribunal in Panama, where jurisdiction of this matter remains, and appeared before the Court or otherwise participated in the Court proceedings in Panama..

28.    The child has an extended family in Panama who miss and love her, and the Child has been closely engaged with Petitioner's extended family in Panama throughout her life.

8

29.   Petitioner maintains that the Child has a stable and loving life in Panama, in which she was thriving, and Petitioner is more than capable of providing for the physical, emotional, spiritual, and mental well-being of the Child.

30.   Using a ruse, Mother brought the child from Panama to the United States on the basis of a visitor's visa, a temporary stay for a brief period of time,  and thereafter refused to return the child to Panama.

31.   Although Father knew and agreed that Respondent One could travel to the United States for a brief vacation with the child, he did not know or agree for the minor child to remain in the United States.

32.   Using her Venezuelan Passport, with a temporary Visa and then allegedly decided she desired a longer stay, one that would exceed the time of a visa, and would longer stay than permitted by a "visitor's visa" and on the child's existing Panamanian Passport.

33.   The irony of this situation is that the minor child has resided in Panama for her entire life, and has no strong connection to Venezuela, and would not be returned there under this Hague Convention application.

34.   Presumably, Mother used the child's Temporary Protected Status alleging that there were conditions precluding the child's return to

Venezuela, although the child would be returned to Panama, not Venezuela.

35.    In an unjustified attempt to support her position, Mother sought temporary relief in Northampton County, alleging that the Father was jeopardizing the child Temporary Protected Status, and alleging ironically that he would try to return the child to Panama on his own.

36.    Petitioner avers that Respondent One subjected herself and the Child in grave danger by crossing the border from Panama to the United States without a valid United States Passport, and without proper authorization to remain in the United States.  Such conduct has arisen to emotional instability, constantly looking over her shoulder, and being unnecessarily guarded in her activities.

37.    Petitioner avers that Respondent One's behavior was reckless and physically and emotionally harmful, and it could cost the life of the Child, and if nothing else the uncertainty of the future and required stability and safety in her country of origin.

38.    Petitioner avers that Respondent Two and Respondent Three are also continually subjecting the child to forced deportation, with unknown results, and potentially to an unknown country.

39.     Petitioner avers that Respondent Two and Respondent Three are conspiring with Respondent One to wrongfully retain the child outside of Panama and are third parties subject to the provisions of the Hague Convention, as well as ICARA.

40.     Respondent One abducted the Child from Panama despite Petitioner's objection, but Petitioner believed and trusted that Respondent One would not violate Petitioner's Rights of Custody under the Hague Convention on the Civil Aspects of International Child Abduction, included in ICARA and under the law in Panama.  Father agreed to a brief visit to the United States, but apparently Mother's plans unbeknownst to Father did not include the return of the child to Panama at the end of the vacation.

## IV.   WRONGFUL REMOVAL AND RETENTION OF CHILD BY RESPONDENTS:  CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION AND ICARA

41.     The Petitioner has rights of custody under Panamanian Law which provides him with a basis to file his Hague Convention application for relief.

42.     Petitioner's Rights of Custody under Panamanian Law are the rights of both parents are contained in the civil Code of Panama and Family Code of Panama, which in Article 316 establishes that *Patria Potestad*

11

contains the "aggregate of duties and rights parents have over the person and property of their minor children. Article 317 of the same code then establishes that non-emancipated minor children are under the care of both father and mother. This is then followed by Articl 319(1) which grants both parents the right and duty to keep the children in their company, known as *Tenerlos en su Compania*. Finally, Article 320 then confirms that parental authority shall be exercised jointly by both parents.

43. As set forth above, Respondent One wrongfully removed the Child to the United States, and specifically within the jurisdiction of the Federal District Court for the Eastern District of Pennsylvania, within the meaning of Article 3 of the Convention and as set forth in ICARA, and continues to wrongfully retain the Child in the State of Pennsylvania, United States, in violation of Article of the Hague Convention on the Civil Aspects of International Child Abduction.

44. Petitioner avers that Respondent Two and Respondent Three have assisted Respondent One in wrongfully retaining the Child in Pennsylvania, United States, within the meaning of the Hague Convention and ICARA, and said Respondents are therefore subject to the sanctions as set forth in the Hague Convention and ICARA.

12

45.   Petitioner has never acquiesced or consented to the removal of the Child from Panama to the United States or to the child's residence outside of Panama for other than a visitation of a limited duration to visit family.

46.   Respondent One's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention and Respondent Two and Respondent Three's wrongful retention of the Child in the United States from Panama is wrongful because:

a)   It is in violation of Petitioner's rights of custody and as established by Panamanian law.

b)   Respondent One's removal and retention of the Child is in violation of Petitioner's right as a physical custodian to determine the Child's place of residence.  See Hague Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

c)   At the time of the Child's removal from Panama, Petitioner was exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for

Respondent One's removal and retention of the Child, Petitioner would have continued to exercise those rights; and

d)    The Child was a "habitually resident" in Panama within the meaning of Article 3 of the Convention immediately before the removal and retention by Respondents.

e)    Respondents Two and Respondent Three have conspired with Respondent One to wrongfully retain the minor child in the United States, in violation of the Petitioner's rights of custody, and Respondent Two and Respondent Three have no rights of custody of the minor child under Panamanian law and under any known United States law, and they are therefore subject to the financial sanctions under ICARA, as well as a relinquishment of possession of the child..

47.    Petitioner timely filed his Application under the Hague Convention with the Central Authority for Panama on or about June 3, 2026, which Central Authority will subsequently forward the Application to the United States Department of State, the Central Authority for the United States, and upon information and belief, Respondents are wrongfully retaining the Child at 300 N. 11th Street, Easton, PA 18042.

14

48.   The Child was born in 2014, and The Hague Convention applies to children under sixteen (16) years of age and thus applies to this Child.

49.   The Petition is filed less than one year from Respondent One's wrongful retention of the Child following the removal of the child's Temporary Protected Status, which occurred on November 7, 2025. Petitioner has never consented or acquiesced to Respondent One's wrongful removal or Respondent One, Respondent Two and Respondent Three's wrongful retention of the Child in the United States.

50.   Once the child's TPS was terminated November 7, 2025, the child's retention in the United States is subject to deportation, ICE pickup of the minor child, detention in a specialized center separated from family, and ultimately forceful removal from the United States.

51.   In order to avoid any harsh implementation of forced deportation, Petitioner has requested that Respondent One agree to voluntarily return the child to Panama, but Respondent One has declined to agree to a resolution of the matter.

52.   Should Mother choose to remain in the United States, that is her choice, but should not by extension require the child to remain in the

United States, as an undocumented alien, and it is the child who is the subject of these Hague Convention proceedings.

53.    The Petitioner avers that he has met the requirements for a formal Request for Return under the Hague Convention and has proved his prima facia case as presented to the Court.

## V. PROVISIONAL REMEDIES
## 22 U.S.C. § 9004 & HAGUE CONVENTION, ARTICLE 16

54.    Petitioner requests that this Court issue an immediate order restraining anyone from removing the Child from the jurisdiction of this Court, and a warrant directing any United States Marshals to confiscate the passports and any other travel documents for the minor child, First Respondent, Second Respondent and Third Respondent, and any other occupants of 300 N. 11th Street, Easton, PA or a residence held outside the jurisdiction being used or rented by Respondent Two or Respondent Three, and place them with the Clerk of Courts of this Honorable Court at the Courthouse to which this case is assigned, and that copies of said travel documents shall be forwarded to Petitioner's counsel at lgardner@gardnerlawyers.com for purposes of verifying the Court's receipt of the travel documents.

55.    Petitioner requests that this Honorable Court schedule an expedited hearing on the merits of this Petition, pursuant to Article 11 of the

16

Hague Convention, and require that Respondents appear in person for said hearing.

56.    Petitioner requests that upon Petitioner's arrival in Pennsylvania following scheduling of the Hearing, that all Respondents surrender temporary custody of the child to Father, pending further Order of Court.

57.    Petitioner shall assure that the child remains within the jurisdiction of this Court pending the Court's decision under the Hague Convention.  All Respondents during their time with the child shall also assure that the child remains within the jurisdiction of this Court until there is a decision under the Hague Convention.

58.    Pending Petitioner's arrival in Pennsylvania to retain custody of the child pending an Order of this Court, Father shall have the right to have daily unfettered telephone and/or video and audio contact with the minor child and Respondent One,  Respondent Two and Respondent Three shall be responsible for assuring this daily contact.

## VI. ATTORNEY FEES AND COSTS
## 22 U.S.C. § 9007(b)

59.    To date, Petitioner has incurred substantial attorneys' fees and costs  in the United States as a result of the wrongful removal and wrongful

17

retention of the Child by Respondent One, Respondent Two, and Respondent Three as a direct result of the Respondents' failure to amicably return the child to her habitual residence and home in Panama. Their continued actions have caused tremendous negative impact on the minor child, and the Hague Convention provides remedies in the form of attorney fees and costs to be paid by the Respondents jointly and individually.

60.    Petitioner respectfully requests that this Court award him all costs and fees, including attorney fees, Private Investigator fees, Marshal's costs of service, transportation costs, incurred to date as required by 22 U.S.C. § 9007, as well as those subsequently incurred by the Petitioner

61.    Petitioner shall provide the Court with a detailed list of all costs and fees, at the time of the hearing on the merits of this matter and requests that the Court require the Respondents to pay all costs immediately upon the entry of the Court's decision to return the Child to Panama with her father.

## VII.    NOTICE OF HEARING
### 22 U.S.C. § 9003(c)

62.    Pursuant to 22 U.S.C. § 9003(c), Respondents shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings and specifically as provided under the

Uniform Child Custody and Jurisdiction Enforcement Act in Pennsylvania at Pa. 23 § 5421 *et seq.*

63.    The United States Marshals are authorized to serve a copy of all pleadings and Orders upon the Respondents when the Marshals take custody of the Passports and travel documents, and immediately seize all Passports of Respondents, Child, and any other residents of the home, and place them with the Clerk of Courts.

64.    If any of the Respondents are not present when the Passports are seized, the Petitioner requests that each person shall have an affirmative obligation to submit their passports to the Clerk of Courts for the District Court for the Eastern District of Pennsylvania at the Courthouse assigned to this matter and shall do so within 24 hours of the Marshals appearing to seize the passports.

## VIII.    RELIEF REQUESTED

WHEREFORE, Petitioner, Ronnel Ovalles, prays for the following relief:

a)    An immediate Temporary Restraining Order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint, and further providing that no person acting in concert or participating with Petitioner or Respondents shall take

19

any action to remove the minor Child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

b)    Order the United States Marshals to personally serve the pleadings and Orders on Respondents, to take all passports and any other travel documents for the minor Child, Respondents, and any other household members and place them with the Clerk of Courts – Eastern District, Northern Tier, Easton, PA or Allentown, PA as the Court may designate.

c)    If any Respondent is not available or does not have possession of their travel documents, upon service, those Respondent(s) shall within 24 hours of entry of an Order of Court deposit their passports, as well as the Child's Venezuelan passport, with the Clerk of Courts for the Eastern District — in the Courthouse designated to hear this matter in the requested Northern Tier of the District Court, pending further Order of Court.

d)    Pending Petitioner's arrival in the jurisdiction, Petitioner shall have unfettered telephone, and video/audio calls with the minor Child daily which Respondents shall assure that such contact occurs.

20

e)      Upon Petitioner's arrival in the United States, Petitioner be granted temporary custody of the minor Child pending the Court's determination on this Verified Complaint and Petitioner shall retain custody within this jurisdiction pending the conclusion of The Hague Convention proceedings.

f)      The scheduling of an expedited hearing on the merits of the Verified Complaint under the Hague Convention and ICARA;

g)      To place this matter before a Judge in the Northern Tier of the Eastern District, to include Allentown, PA or Easton, PA because the expenses incurred by the Petitioner and Respondent in obtaining counsel to bring this matter before the Court will therefore be limited because of the proximity of the parties and counsel to the Courts, and the less expensive costs of housing and travel to the Court for the parties in the Lehigh Valley.

h)      Petitioner requests an Order that Respondents show cause at this hearing why the Child should not be returned to Panama, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

i)      Petitioner requests an Order requiring that Respondents pay Petitioner's expenses and costs, including attorney fees and filing fees, transportation costs, under 22 U.S.C. § 9007, such expenses and costs to be resolved via post-judgment motion, consistent with the procedure outlined under Local Rules of this Honorable Court; and

j)      For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 12th day of June , 2026.

_____
LINDA SHAY GARDNER, ESQUIRE
Attorney for Petitioner
PA ID NUMBER PA 78163
740 Main Street
Bethlehem, PA  18018
(610) 866-9529 phone
(610-866-9528 fax
lgardner@gardnerlawyers.com

## VERIFICATION

I, Ronnel Andres Ovalles Guerra, verify that the statements of fact made in this document are true and correct. I understand that false statements herein are made subject to the penalties of 28 U.S. Code § 1746, relating to unsworn falsification to authorities.

6|11|2026
Date

Ronnel Andres Ovalles Guerra